UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Zerell McClurkin, | ) | C/A No. 2:12-2796-RMG-BHH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Perry Correctional Institution, | ) | |
| Defendant. | ) | |

The plaintiff, Zerell McClurkin ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate of the South Carolina Department of Corrections ("SCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint alleges various prison conditions violate the constitutional rights of inmates in Perry Correctional Institution, for which Plaintiff seeks injunctive relief and monetary damages. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed by prisoners and submit findings and recommendations to the District Court. The complaint should be dismissed for failure to state a claim on which relief may be granted.

**INITIAL REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996). The complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute

allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii); *see also* 28 U.S.C. § 1915A(same standard for screening prisoner cases). In evaluating a complaint filed by a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

**BACKGROUND**

Plaintiff alleges prison conditions in the special management unit ("SMU") in Perry Correctional Institution violates the Eighth Amendment prohibition of cruel and unusual punishment. ECF No. 1. Plaintiff's allegations of prison conditions include: sexual harassment; insufficient recreation; mishandling of medication; delayed or inappropriate medical care; inadequate privacy, time, and frequency for showers; unsanitary food trays and handling of food utensils; incorrect special diet meals; cell window flaps closed during mental health counselor visits; inappropriate punitive response to mental illness; excessive force; delay in receiving property; personally pay to replace lost property; court cases dismissed based on lost property. ECF No. 1, p. 4-5. Plaintiff's allegations are presented in general terms of all SMU inmates' experiences. Plaintiff completes his allegations of prison conditions by including a list of the names of seventeen correctional officers, and he

2

states "these all the ofc. names committing these conflict against us inmates here at Perry Correctional Institution and it's cruel and unusual punishment and wrongful doing." ECF No. 1, p. 5. Plaintiff seeks only injunctive relief, as follows: to "live in a safe environment;" to have "window flaps open at all times;" to be given legal material when needed; his "removal from this institution permane[n]tly;" inmates to have "privacy when showering;" to have medical personnel handling medications "in the proper fashion;" inmates given "proper materials to san[i]tize" themselves "when on control cell & crisis intervention." ECF No. 1, p. 6.

## DISCUSSION

Plaintiff files this civil rights action pursuant to 42 U.S.C. § 1983. A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), *quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint only names the Perry Correctional Institution as a defendant. The caption of the complaint and the list of parties on the second page of the complaint contains only Perry Correctional Institution. A claim for relief under § 1983, must allege that the plaintiff was injured by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983.

3

The sole defendant, Perry Correctional Institution, is not a "person" for purposes of liability under § 1983. It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." Several courts have held that inanimate objects such as buildings, facilities, and grounds are not "persons" and do not act under color of state law. *See Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D.Va.1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."), and *Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301 (E.D.N.C.1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). The Perry Correctional Institution, where Plaintiff is incarcerated, consists of buildings and grounds and is therefore not a person subject to suit in a § 1983 action. The complaint fails to state a claim on which relief may be granted against the only named defendant, so the complaint should be dismissed.

If Plaintiff intended to sue the list of individuals at the end of the statement of claims, even though he didn't list them as defendants, the complaint fails to state a claim against them. Listing the names of seventeen correctional officers is not sufficient to state a claim against the individuals. Plaintiff does not allege personal experiences that violate his federal rights by any of the individuals listed. Plaintiff's allegations of prison conditions are presented in terms that apply to inmates in general, rather than stating how Plaintiff was injured by an individual's action or lack of action that personally violated Plaintiff's federal rights. Plaintiff uses terms such as "we" and "against us inmates," but Plaintiff cannot represent others. *See Inmates v. Owens*, 561 F.2d 560, 562-3 (4th Cir.1977)("In order to state a civil rights claim upon which relief can be granted under 42 U.S.C. § 1983, one must allege that he, himself, sustained a deprivation of a right, privilege or immunity secured to

4

him by the Constitution and laws of the United States."). The complaint does not contain factual allegations of how Plaintiff, himself, has been harmed by particular conduct of the listed individuals. For example, the complaint states that "[i]f you've special diet or you diebatic [sic] your meal not correct." ECF No. 1, p. 4. This allegation does not indicate that Plaintiff requires a special diet, or who may have failed to provide a "correct" meal, or how Plaintiff was harmed. The complaint follows this pattern of generalized allegations with no specific allegations of harm to Plaintiff that is attributable to any individual. The generalized allegations of the complaint followed by the list of seventeen correctional officers is not sufficient to state a claim under § 1983. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 n.3 (2007)("Rule 8(a)(2) still requires a showing, rather than a blanket assertion, of entitlement to relief.). The complaint fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A.

**RECOMMENDATION**

Accordingly, it is recommended that the District Judge dismiss the complaint without prejudice and without issuance and service of process.

                                                                 s/Bruce Howe Hendricks
                                                                 United States Magistrate Judge

October 10, 2012
Charleston, South Carolina

**Plaintiff's attention is directed to the important notice on the next page**.

# IMPORTANT INFORMATION ....PLEASE READ CAREFULLY

# WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN OR SHOULD BE REMOVED FROM ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to *ALL* documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d)(filings made under seal) and (e) (protective orders).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).