IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Zerell McClurkin, | |
| Plaintiff, | Civil Action No.: 2:12-cv-2796-RMG |
| v. | **ORDER** |
| Perry Correctional Institution, | |
| Defendant. | |

This matter comes before the Court upon the Report and Recommendation of the Magistrate that this Court dismiss Plaintiff's complaint without prejudice and without issuance and service of process. (Dkt. No. 12). For the reasons set forth below, the Court agrees with and adopts the Report and Recommendation.

**Background**

Zerell McClurkin ("Plaintiff") brings this *pro se* action seeking relief pursuant to 42 U.S.C. § 1983. Under 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) DSC, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings. Plaintiff, an inmate housed at the Perry Correctional Institution ("Defendant"), alleges in this action that Defendant violated his constitutional rights and the rights of fellow inmates, and seeks injunctive relief and monetary damages. (Dkt. No. 1). On October 10, 2012, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending Plaintiff's complaint be dismissed for failure to state a claim on which relief may be granted. (Dkt. No. 12). Plaintiff then filed objections to the R&R on October 26, 2012. (Dkt. No. 14). As explained herein, this Court agrees with the R&R and dismisses Plaintiff's complaint without prejudice and without issuance and service of process.

## Law/Analysis

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

Where a plaintiff proceeds *pro se*, the plaintiff's pleadings are afforded a liberal construction and held to a less stringent standard than formal pleadings submitted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, in *pro se* actions, the court cannot ignore a failure in the pleadings to allege facts which set forth a claim cognizable in federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured under the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). For the purposes of liability under § 1983, a correctional facility is not considered a person upon whom liability may be imputed. *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992).

After reviewing the record, the applicable law, and the R&R of the Magistrate Judge, the Court agrees with and adopts the conclusions of the Magistrate Judge. Plaintiff's complaint names only the Perry Correctional Institution as a defendant. (Dkt. No. 1). A list of seventeen correctional officers appears in the statement of claims, but listing the correctional officers in the

statement of claims without naming them as defendants is insufficient to state a claim against the individuals. (*Id.*). Because no § 1983 action may be brought against a correctional facility, the complaint fails to state a claim upon which relief may be granted against the only named defendant: Perry Correction Institution. Further, if Plaintiff had intended to name the seventeen correctional officers as defendants, his allegations are of such a generalized nature as to be insufficient to state a claim against the individuals. The lack of a proper named defendant in addition to the generalized nature of the complaint is insufficient to state a claim under § 1983.

In his objections, Plaintiff asserts that he should be granted leave to amend his complaint under Federal Rule of Civil Procedure 15(a) to add the seventeen correctional officers listed in the complaint as defendants. (Dkt. No. 14 at 3). Although leave to amend is freely granted, a court need not grant leave where the proposed amendment would plainly be subject to a motion to dismiss. *Frank M. McDermott, Ltd. v. Moretz*, 898 F.2d 418, 420-21 (4th Cir. 1990). As stated above, the Court finds the allegations of the complaint are too generalized to state a claim against these individuals and thus the proposed amendment would be futile. Plaintiff further objects that his general claims, which assert claims of other inmates, are proper under Federal Rule of Civil Procedure 23. Even if Plaintiff is attempting to represent a class, however, he must first allege how he himself was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States, which he has failed to do. *See Inmates v. Owens*, 561 F.2d 560, 562-63 (4th Cir. 1977). Finally, Plaintiff asserts that he has stated a claim for violation of the Eighth Amendment, and reiterates a list of general complaints. The Court again finds that this insufficient to state a claim; Plaintiff must allege specific acts of individuals that violate his federal rights.

## Conclusion

After a thorough review of the record and the relevant case law, this Court finds that the Magistrate Judge applied sound legal principles to the facts of this case. Therefore, the Court adopts the Magistrate Judge's R&R (Dkt. No. 12) and **DISMISSES** Plaintiff's complaint without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

November 19, 2012